### THE INDIANA CENTRAL RAILWAY Co. *v.* GULICK.

In an action against a railroad company to recover the value of a lost trunk, the *ex parte* affidavit of the plaintiff is not competent evidence to prove the contents of the trunk, but the plaintiff himself is a competent witness for that purpose.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—Suit by *Gulick* against the *Indiana Central Railway Company*, to recover the value of a trunk and

contents, alleged to have been lost by the company. On the trial, the plaintiff was allowed to give in evidence his *ex parte* affidavit as to the contents of the trunk, etc. The defendant objected and excepted to that item of evidence. The Court erred in admitting the affidavit as evidence. Redfield on Railways, 1st ed., p. 310. The Circuit Court was misled, and somewhat excusably so, by the case of *Doyle* v. *Kiser*, 6 Ind. 242.

In that case, the affidavit of the plaintiff was admitted in evidence, but the facts, which do not appear in the report, are, that the affidavit was admitted by consent, after the Court had determined that the plaintiff was a competent witness. The point in the case, and the one decided, was, that the plaintiff was a competent witness. This is very manifest, from the cases upon the authority of which the ruling in *Doyle* v. *Kiser* was made. They were cases where the plaintiff was a witness. See the note to *The Great Northern, etc.* v. *Shephard*, 9 L. and Eq. Rep. 477, and *The Mad River, etc.* v. *Fulton*, 20 Ohio, 318.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*Newcombe* and *Tarkington*, for the appellant.

*M. Igoe*, for the appellee.